SHARON DOUGLASS MAYO - State Bar No. 150469
sharon.mayo@aporter.com
KRISTEN L. TERRANOVA - State Bar No. 246433                JS 6
kristen.terranova@aporter.com
AMIE L. MEDLEY - State Bar No. 266586
amie.medley@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMI APRIL MUSIC INC., PURPLE RABBIT MUSIC AND HIDEOUT RECORDS AND DISTRIBUTORS, INC. (GEAR PUBLISHING DIVISION)<br><br>Plaintiffs,<br><br>v.<br><br>LAW'S LUNCH & DINNER, INC. AND MICHAEL GENE RAWLS<br><br>Defendants. | Case No: CV 2:10 04548-DSF-JCG<br><br>**CONSENT JUDGMENT**<br><br>(17 U.S.C. §§ 101 *ET SEQ.*) |

WHEREAS, plaintiffs EMI April Music Inc., Purple Rabbit Music and Hideout Records and Distributors, Inc. (Gear Publishing Division) ("Plaintiffs") are owners of the copyrights in the musical compositions listed in Schedule A to Plaintiffs' Complaint filed in this action and members of the American Society of Composers, Authors and Publishers ("ASCAP"); and

WHEREAS, defendants Michael Gene Rawls and Law's Lunch & Dinner, Inc ("Defendants"), at the times of the infringing acts alleged in the Complaint, did own,

control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Law's Lunch and Dinner, located at 9640 Indiana Avenue, in Riverside, in the State of California and

WHEREAS, without authorization or consent, Defendants, on the dates specified on Schedule A to the Complaint, publicly performed Plaintiffs' copyrighted musical compositions at Law's Lunch and Dinner, located at 9640 Indiana Avenue, in Riverside, in the State of California for the entertainment and amusement of the patrons attending said premises in violation of Plaintiffs' rights under 17 U.S.C. § 106(4), as a remedy for which Plaintiffs are entitled to judgment against Defendants for willful copyright infringement.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. (a) Upon the stipulated request of the parties, judgment is entered for Plaintiffs and against Defendants on the claims set forth in Plaintiffs' Complaint in the amount of Thirty Thousand Dollars ($30,000.00) (the "Consent Judgment Amount").  Notwithstanding the foregoing, the parties have agreed that this Judgment may be satisfied upon Defendants' payment of the sum of Eighteen Thousand Dollars ($18,000.00) (the "Settlement Amount") as provided in Paragraph 2 below.

(b) The amount provided for in this Consent Judgment shall be in full settlement of all claims against Defendants arising out of Plaintiffs' Complaint and all other claims for copyright infringement arising out of unauthorized public performances of ASCAP's members' musical works by Defendants and their successors, shareholders, partners, officers, directors, predecessors, assigns, agents, and employees at Law's Lunch and Dinner, located at 9640 Indiana Avenue, in Riverside, in the State of California, during all periods up to and including the date of entry of this Consent Judgment.

2. (a) Defendants shall pay the Settlement Amount by an initial payment of One Thousand, Four Hundred Forty-Nine Dollars and Ninety-Six Cents

($1,449.96) to be made on or before February 4, 2011 and an additional payment of Two Thousand, Three Hundred Fifty Dollars and Eight Cents ($2,350.08) to be made one or before March 1, 2011; subsequent monthly installment payments of Five Hundred Dollars ($500.00) for three months to be made on the first of the month beginning April 2011 and ending June 2011; and thereafter in monthly installment payments of One Thousand Fifty-Eight Dollars and Thirty-Three Cents ($1,058.33) beginning July 1, 2011 and ending June 1, 2012.

    (b)    Defendants shall make the payments provided for above in the form of a certified, cashier's, bank, or corporate business check drawn on a California bank, made payable to "ASCAP," and delivered to Amie L. Medley, Esq., at Arnold & Porter LLP, 777 South Figueroa Street, 44th Floor, Los Angeles, California 90017, or such other person as Plaintiffs' attorneys shall designate to receive such payments.

3.    Contemporaneously with the filing of this Consent Judgment, ASCAP shall offer to Defendants, and Defendants shall accept and execute, an ASCAP General License Agreement for Law's Lunch and Dinner for the license term commencing January 1, 2011 at the currently applicable annual license fee rate. License fees for calendar year 2011 are included in the Settlement Amount provided for in paragraph 1(a); license fees for periods commencing January 1, 2012 shall be paid in accordance with the terms and conditions of such license agreement.

4.    In the event that Defendants fail to (i) make any of the payments provided for in paragraph 2(a); or (ii) pay to ASCAP license fees when due for periods beginning January 1, 2012, upon receipt by Defendants of written notice from Plaintiffs or their undersigned attorneys of any such delinquency, Defendants shall have ten (10) calendar days in which to cure such delinquency.  If the delinquency is not cured within such ten (10) day period, Defendants shall be obligated to pay the full Consent Judgment amount of Thirty Thousand Dollars ($30,000.00), less any payments previously made to Plaintiffs pursuant to paragraph 2 above.  Such balance

1  shall be immediately due and payable, and execution therefor may issue forthwith
2  and without any further notice to Defendants.
3      5. In the event that Defendants make payments in the amount of Seventeen
4  Thousand Dollars ($17,000) on or before August 4, 2011, Defendants will receive a
5  discount of One Thousand Dollars ($1,000) against the Settlement Amount and the
6  judgment will be satisfied by the discounted amount of Seventeen Thousand Dollars
7  ($17,000).
8      6. Plaintiffs shall be granted all such writs and process as is necessary or
9  proper for the enforcement of this Consent Judgment.
10     7. Subject to the Court's continuing jurisdiction over the parties for
11 purposes of enforcement of this Consent Judgment, this action is dismissed.

**ORDER**

**IT IS SO ORDERED.**

Dated: 2/24/10

_[signature: Dale S. Fischer]_

UNITED STATES DISTRICT JUDGE